UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                v.                         **08 Cr 345 (01) (PKC)**

**GARY SANTONE,**

                      **Defendant.**

---

**DEFENDANT GARY SANTONE'S SENTENCING MEMORANDUM**

Dated: August 28, 2008
      New York, New York

Laura A. Brevetti (LB8935)

Law Offices Laura A. Brevetti
Attorneys for Gary Santone
331 Madison Avenue
New York, NY 10017
(212) 856-9400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    v.                          08 Cr 345 (01) (PKC)

GARY SANTONE,

_____ Defendant._____

### DEFENDANT GARY SANTONE'S SENTENCING MEMORANDUM

This memorandum, together with the accompanying letters of support from family and friends (collectively, Ex. 1), is respectfully submitted on behalf of the defendant Gary Santone, whose sentence is schedule before the Honorable P. Kevin Castel, U.S.D.J., on September 3, 2008. Mr. Santone pled guilty to a prosecutor's information pursuant to a plea agreement with the Government to one count of conspiracy to commit mail fraud (in violation of Title 18, U.S.C., Section 1349) and one count of mail fraud (in violation of Title 18, U.S.C., Section 1341), for having acted in concert with another in 2007 to submit fraudulent invoices for fictitious services to American Insurance Group (AIG) and to receive and share payments with another from AIG totaling $320,594.60. The plea agreement stipulates a sentencing guideline level of 16 or 21 to 27 months. The agreement also stipulates that Mr. Santone will forfeit to the Government the sum of $113,318.60. In return, the U. S. Attorney's Office will request of the Department of Justice that it invoke its Restoration Policy and credit any monies paid by Mr. Santone for forfeiture against the sum ordered by the Court to be paid by him as restitution to the victim.

<u>Mr. Santone's Plea to the Court</u>

**In light of 1) Mr. Santone's prompt offer and agreement after arrest to be debriefed by the Government; 2) his immediate offer to plead guilty to the entirety of his illegal conduct; 3) his remorse; and 4) the amalgam of his personal condition, we respectfully ask the Court to exercise its full sentencing discretion and impose a sentence of no greater than the minimum of the Guideline range, as recommended by Probation, followed by a period of two years of supervisory release.

**Further, in light of Mr. Santone's agreement to pay forfeiture and his meager personal financial condition, as documented by the Pre-Sentence Investigation Report, we respectfully ask the Court to follow Probation's recommendation that he not be required to pay a monetary fine as part of his sentence.

**Lastly, we respectfully ask the Court to allow Mr. Santone to self-surrender, as recommended by Probation. Mr. Santone's wife suffers from a disease that severely limits her movement and capability to travel and he is also very close to his 11-year old daughter, both of whom would want to visit him as frequently as possible. Therefore, we respectfully request that the Court recommend to the Bureau of Prisons that Mr. Santone be assigned to the federal prison camp at Fairton, New Jersey, close to their home in Ventnor, New Jersey.

<u>Introduction</u>

Mr. Santone offers no excuse or "psychological syndrome" to explain or, certainly, to justify his wrongful conduct during those few months in 2007. Instead, on his behalf, we ask the Court to consider in mitigation of his sentence that Mr. Santone reacted as society would want an individual to react and conduct himself when confronted with his wrongdoing: 1) Mr. Santone readily accept his guilt and offer to assist the Government in its larger investigation and did not stand in the way; 2) he

immediately offerred to plead to the entirety of his conduct without the necessity of the Government presenting evidence to a Grand Jury; and 3) he has continued to live a productive and law abiding life awaiting sentence.

Furthermore, we respectfully ask the Court to consider in Mr. Santone's favor that his criminal conduct of limited duration was polar opposite to his past productive, law-abiding life. Mr. Santone is a high school dropout, who from the very first day he left school has worked hard to learn and ply the intricate skills and craft of jewelry design and manufacture. We submit that the Pre-Sentence Investigation Report demonstrates that his life, although marked by some family tragedy and mental depression, has been solidly one of hard work, modest living, and meeting his obligations as a citizen and father. Against this rather pedestrian, but admirable background set forth in the Report, the one valid reaction that comes to mind about Mr. Santone's crime, we submit, is "what a dumb mistake!" On the other hand, what also reveals itself clearly is that he deserves the leniency of the Court to give him a second chance to return to his former life as soon as possible. We respectfully submit that the ends of justice be well served and society well protected if a shorter rather than a longer term of custody is imposed.

<u>Mr. Santone's Immediate Cooperation and Remorse</u>

It would not be unusual, indeed it might be considered predictable, for a defendant under these same circumstances to rationalize his or her criminal conduct, seek to "excuse" it, shift the blame, or minimize it. In contrast, Mr. Santone has never done so. He continues to accept full responsibility for what he did with Mr. Falcetta. He knew that what he did, when he did it, was wrong and he offers no valid justification in mitigation for having done it. He admits his guilt and bears the shame for succumbing to the persistent entreaties of Mr. Falcetta to violate the law and victimize another, albeit a corporation, in order to get "easy money" through fraud.

Indeed, from virtually the moment he was contacted by a Government agent to surrender and before his initial appearance before the United States Magistrate in December 2007, Mr. Santone realized that the only just course to pursue would be for him to try to make amends for his conduct, offer no excuse, and explain the entirety of his illegal conduct and that of another, John Falcetta, to the Government. He instructed his counsel at his initial appearance to approach the Government for a meeting with him, in effect, to confess his involvement and offer his assistance without receiving in advance any promise of a benefit. A meeting with the Government was paramount to Mr. Santone—almost as an end unto itself, for him to atone in some measure for his crime, because of his faith and desire to demonstrate that this crime was and is antithetical to his unblemished prior life and character. Above all else, this meeting with the Government was his first step on a personal road to forgiveness and redemption—a road he realizes remains difficult and long to travel before hope of achieving that end. His quest is even more important to him as an example to his 11-year old daughter Bridget and as a chance to retain her respect as her father.

A meeting took place with the Government shortly after arraignment, at which, we believe the Government would agree, Mr. Santone admitted the entirety and breadth of is illegal conduct, answered all questions candidly, fully and to the best of his ability, and did not seek to conceal or minimize his involvement or gain. Following the meeting, Mr. Santone agreed to plead guilty and to provide additional information or assistance to the Government. It is our understanding that Mr. Santone was the first to step forward and that others have since pleaded guilty and await sentencing, including Mr. Falcetta, the inside AIG employee who orchestrated the fraud and approved the false invoices Mr. Santone submitted with his help in their joint scheme.

Mr. Santone is working to make financial amends. He is seeking to borrow money to make partial forfeiture payments. He is pledging the net proceeds (after repayment of a car loan and bank mortgages) from the sales of his Honda vehicle and two

rental properties.[1]  Alternatively, if the Government wishes, he will sign over his interests in those assets. Furthermore, he agrees to pay to the Government monthly towards the remaining forfeitable balance.  It is Mr. Santone's hope that the Government will invoke its Restoration Policy and that all sums paid as forfeiture will go to AIG, the victim, and credited towards any order of restitution.  We respectfully ask the Court to make that credit part of the judgment of conviction, so that it is memorialized and made clear to future, interested government personnel in positions to make decisions regarding Mr. Santone's liberty.

Since his arrest and arraignment in December 2007, Mr. Santone has continued to work hard and earn a modest living.  He has not gotten as much as a ticket for littering—so to speak-- since his release.  Mr. Santone's crime was one of borne of a unique opportunity presented to him by Mr. Falcetta, who was already well-steeped in defrauding AIG with others, unrelated to Mr. Santone.  Mr. Santone had avoided falling for participating in any similar scheme or crime in his previous life of 48 years, and we submit that society will not be at risk again for him to commit a similar offense.  The Court, we respectfully submit, would be justified in exercising the full breadth of its discretion and show its leniency to Mr. Santone.

### Mr. Santone's Background and Life

The Pre-Sentence Investigation Report (the "Report") sets forth Mr. Santone's family background.  His parents were also in the jewelry business.  His father, however, was an alcoholic.  His brother, while in the military, was killed tragically in a motorcycle accident, as a result of which his parents slipped further into depression and his father into the depths of alcoholism.  Sadly, his father blamed his mother for the death of their son and would engage in a macabre re-enactment of an event of the night of their son's death to remind his mother that he thought she was to blame.  Mr. Santone tried to help

---

[1] The net of the vehicle and Mr. Santone's share of the equity in the two rental properties in Philadelphia will amount to an estimated value of $15-20,000.

his parents and comfort his mother, but after years of this abuse, his mother committed suicide.

He left high school and went to work. The Report chronicles the jobs he held up to the current one, working for his second wife Deborah Finn in her small jewelry store in Philadelphia.

He is a devoted father to his 11 year-old daughter Bridget from his first marriage, whom he sees every week. As pointed out by another friend who has submitted a letter of support, Steven Ruscio:

"He is a very dedicated father, always making sure that he sees Bridgett every other weekend and at least one night during the week. He attends all of his daughter's track meets and is very proud of her. Her love and need for her father is very strong. She will be the innocent victim of this whole unpleasant and tragic situation."
(Ex. 1, S. Ruscio Ltr.)

Almost since their marriage several years ago, Mr. Santone has been essential to assisting his wife Deborah in her jewelry business as its designer and fabricator and, more importantly, simply getting through the day. Ms. Finn suffers from Lupus disease and is in constant pain and physically disabled. In the past few months alone, it is more common than unusual for Mr. Santone to carry his wife around their home, transport her to doctors, and act as her physical surrogate. Ms. Finn has come to rely on him to help her to get around the house and store. As she succinctly states in her letter to the Court:

"Your Honor I suffer from Lupus and I own and operate a small jewelry store in Philadelphia. Gary works with me. My husband also takes care of me as I am riddled in pain almost every day. It is difficult for me to do every day manual tasks."
(Ex. 1, D. Finn Ltr.)

Mr. Santone has been under a physician's care for mental depression since before his arrest in this case and had open-heart surgery at a relatively young age (39 years old). His depression is apparent to his friends and family. He continues to take anti-depressant medication under the care of Dr. Boselli, as documented in the Report, and it is

recommended by Probation that he continue to receive medical attention for his heart and depression while in custody.

Mr. Santone has a very modest financial condition. His salary is not much at all, since the business does not generate much revenue and his wife pays most all of the common living expenses. While the Report states at page 19 that the couple have a combined monthly income of almost $8,500 and total assets worth an estimated $605,000 (at page 17), all but about less than $2,000. in monthly income and about $15-20,000. in estimated total asset value is attributable to Mr. Santone, individually. His bank accounts have small amounts, less than an aggregate of $2,500. The balance of the reported assets belong to his wife Deborah Finn, his employer, and are pre-marriage assets. Also, some of the rental property is co-owned by his nephew. The Probation Officer received copies of his federal tax returns that show that Mr. Santone files separately from his wife, who insists on maintaining her assets and income separate from Mr. Santone. The couple has a pre-nuptial agreement from the start of their marriage three years ago (in 2005) that bars his access to her assets. We would like to state that Mr. Santone has tried to get as much supporting financial documentation to the Probation Officer as possible, directly and through counsel, despite the implied impression to the contrary in the Report (at page 17, para. 81). Ms. Finn keeps the information and is concerned for her own financial welfare in light of her incurable illness, and, in fact, steadfastly refuses to pay any money on Mr. Santone's behalf to resolve this case and has refused, despite repeated entreaties by her husband and counsel, to provide more detailed financial information. Thus, we bring to the Court's attention that the figures of combined household monthly income and $600,000-plus value of combined assets while accurate, is misleading with regard to that which Mr. Santone owns and is able to take of his own accord to pay a monetary fine or the forfeiture immediately. Nevertheless, he admits that he spent all the ill-gotten gains, often frivolously. The amounts he used to invest in a car and two rental properties (the latter in partnership with his wife and nephew in separate purchases), he is attempting to get back by placing the assets up for sale and giving the net proceeds to the Government

for partial payment of forfeiture. He agrees to a monthly pay-down arrangement recommended by Probation as well. Mr. Santone is obligated to pay over $600. per month in child support and half school tuition or about $1,250. In light of his meager financial condition and efforts to pay the forfeiture and, in effect, restitution, we ask the Court not to impose a monetary fine, as recommended by Probation.

With regard to Restitution, we respectfully request, in addition to an inclusion in the judgment of conviction that forfeiture payments shall be credited towards Mr. Santone's obligation to pay restitution to AIG, that the Court's order of restitution make it clear that while Mr. Santone's obligation is joint and several with Mr. Falcetta, any amounts collected from Mr. Falcetta shall reduce Mr. Santone's restitution obligation. In other words, the aggregate restitution amount shall be no more than $320,594.60 from both or either defendant.

CONCLUSION

In light of Mr. Santone's prompt agreement after arrest to cooperate with the Government and plead guilty to the entirety of his illegal conduct, his remorse, and the amalgam of his personal condition, we respectfully ask that the Court impose a sentence recommended by Probation of the minimum of the Guideline range; that the Court take into consideration his meager financial condition and not impose a monetary fine; that Mr. Santone be permitted to self-surrender; and that a recommendation be made to the Bureau of Prisons that he be assigned to the federal prison camp at Fairton, New Jersey.

Dated: August 28, 2008
New York, New York

Respectfully submitted,

Laura A. Brevetti (LB8935)
Law Offices Laura A. Brevetti
Attorneys for Gary Santone
331 Madison Avenue
New York, NY 10017
(212) 856-9400

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,


             v.                          08 Cr 345 (01) (PKC)


GARY SANTONE,

                             **Defendant**.


### **<u>DEFENDANT GARY SANTONE'S SENTENCING MEMORANDUM</u>**



### **<u>EXHIBIT I -   LETTERS OF SUPPORT IN AID OF SENTENCING</u>**

Received Fax :        Jul 30 2008 12:52PM    Fax Station :    Law Offices Laura A Brevetti              p. 2

07/29/2008 23:29 FAX  2156651880          RITTENHOUSE JEWELERS                    ☑002/011

To the Honorable P. Kevin Castel          Deborah Finn
                                          311 Waldon Drive
                                          Ventnor N.J. 08406

Your Honor .
My Name is Deborah Finn . I am Gary,s wife. Gary will be in front of your Honor Sept.
3rd 2008. I beseech your Honor to show my husband your kindest and most merciful
judgement. Gary is a good pure hearted man. He is a compassionate and loving husband ,
father and step father.  He treats everyone like family.

Gary,s mother committed suicide and he has since suffered from depression. This past
year Gary has been treated by Dr. Joesph Boselli for his depression.
Gary,s depression  is severe  and he is devastated by his actions.
Gary is truly remorseful  and wants nothing more than to make things right.

 Your Honor as his wife I can tell you that Gary is s kind caring man and our life together
and with our family means everything to him and to me.
Gary has one daughter , Bridget, she is my stepdaughter . Gary speaks to her at least 8
times a day and ses Bridget every week. She totally depends on her father. Bridget would
be lost without him. Bridget is 11 years old and needs him.
Gary has been a true friend and excellent step father to my son , Robert  who is 21 years
old.

Your Honor I suffer from Lupus  and I own and operate a small jewelery store in
Philadelphia. Gary works with me.. My husband also takes care of me as I am riddled in
pain almost every day.  It is difficult for me to do every day manual tasks. Gary is my best
friend and we depend on each other.

Your honor  Gary also helps many of our friends , whether it be driving them to the store
or to the doctor, one can always count on Gary.

Your Honor thank you very much for your time reading my letter.

Sincerely ,
Deborah Finn

Received Fax :        Jul 30 2008 12:52PM     Fax Station :   Law Offices Laura A Brevatti                    p. 3

07/29/2008 23:29 FAX  2156651880          RITTENHOUSE JEWELERS                          ⌀003/011

TO the Honorable P. Kevin Castel                    July 29ᵗʰ 2008

Your honor ,

Gary Santone is my step father. My Name is Robert Finn and I am 21 years old.

Gary treats me like a son, he is a true friend of mine. Gary always helps me ,whether it be advice about school or my goals in life , Gary is always there for me.

He would come to pick me up late at night from a friends house in the snow.
He invites my friends to his house and treats them all with respect .
Gary would drive me to school when my grand father got sick and could not drive anymore.
He would help with my school projects. Gary would do anything I needed and I know I can always depend on him. I know Gary since I was born. He was a friend to our family. He married my mother in April 2005 My mother loves him very much and he takes care of her ,she has a health condition that makes all of her joints hurt, and makes her very tired. She works very hard even though she is always not feeling well Gary never complains . He loves my mother and his daughter and me very much and we love him.

I know Gary is very sick and upset about what he did and is very , very sorry.
I hope my letter helps Gary ( My Dad) I love him and I want him to be okay.
Please your Honor be as lenient as you can be with my dad.

Thank You

Robert Finn
2704 S. Hutchinson Street
Philadelphia. PA. 19147

Received Fax :        Jul 30 2008 12:52PM    Fax Station :    Law Offices Laura A Brevetti        P.  5

07/29/2008 23:30 FAX   2156651880        RITTENHOUSE JEWELERS        ☒005/011

To the Honorable P. Kevin Castel                     Donna West
                                                     2134 Spring Garden Street
                                                     Phila. PA. 19130

Your Honor my name is Donna West , I have known Gary Santone for 3 years.
During this time Gary has been a good friend to me.
I know Gary also in the capacity  as a fine bench jeweler. Gary has redone some pieces of jewelry for me
left to me by my parents.
Gary was honest with me as to the value and his workmanship on these pieces was impeccable.
Through the store Gary became friends with both my husband and myself . He never hesitates to offer help
when we need it..
I know his character to be one of integrity.
I know him to be a kind and loving husband  and father.

In your sentencing Gary please show your mercy.

Thank You

Donna West.

*Donna West.*

Received Fax :          Jul 30 2008 12:52PM     Fax Station : Law Offices Laura A Brevetti     p. 8

07/29/2008 23:31 FAX  2156651880          RITTENHOUSE JEWELERS                    Ø008/011
07/29/2008  08:58     17022125865              UPS STORE 5659131                  PAGE  01/03

Pauline Ruscio
5316 Corbett Street
Las Vegas, Nevada  89130
(702) 655-0697 Home
(702) 306-2571 cell

To the Honorable P. Kevin Castel:

I have known Gary Santone for several years and in all the time I have known him, he has always proven to me to be an honest, honorable and caring individual. He has a tremendous love for his family-his wife and 11 year old daughter Bridget. I have been at his place of work and his work ethics have been beyond reproached. He will never let a customer leave unless he or she is 100% satisfied.

One case is when a woman came into the jewelry store to have her ring remodeled. I thought he did a beautiful job but she was not satisfied. He took the ring back and did the job over and over again and did not charge her anything extra. She was completely satisfied with her ring.

He is a good and loving husband and father and more than just a friend to me and my husband. I sincerely feel that any separation between him and his daughter Bridget would destroy this man and affect his innocent daughter for the rest of her life. At 11 years of age, she is at a very vulnerable time of her life.

As you are deciding Gary's fate, please try to show him the mercy and consideration he deserves for all the good this man has done in his lifetime.

I know you feel that justice must be served. However, in this case, incarceration can never bring about anything good or positive in this man's life or the life of his family. Try to temper justice with mercy. If you know Gary the way I do, you would understand how good, loving and respectful he really is. He has always been a good family man and

Received Fax :          Jul 30 2008 12:52PM    Fax Station :  Law Offices Laura A Brevetti        p. 9

07/29/2008 23:31 FAX  2156651880          RITTENHOUSE JEWELERS                    ☑009/011
07/29/2008  08:58    17022125865              UPS STORE 5659131                   PAGE  02/03

a wonderful father. We all know that a good and decent family is the backbone of our country. Gary Santone is a spiritual and good man.

I thank you for taking your valuable time to read this letter. My prayer is God will guide you in making the right decision in considering his sentencing.

Sincerely

*Pauline Ruscio*

Pauline, Ruscio

2

Received Fax :          Jul 30 2008 12:52PM     Fax Station :  Law Offices Laura A Brevetti          P. 10

07/29/2008 23:31 FAX  2156651880          RITTENHOUSE JEWELERS                    @010/011
07/29/2008  08:58    17022125865
                                            UPS STORE 5659131                     PAGE  03/03

Steven Ruscio
5316 Corbett Street
Las Vegas, Nevada 89130
(702) 655-0697 Home
(702) 306-2571 cell

To The Honorable P. Kevin Castel:

I am a friend of Gary Santone. He is more of a brother to me than my own biological brothers. He is a kind and decent man who is completely dedicated to his wife and 11 year old daughter Bridgett. He will go out of his way to help anyone who is in need.

My wife has already written a letter to you and there isn't too much more that I can add. I know him to be a man of principal and high moral values. He tries diligently to impart his sense of high moral integrity to his daughter Bridgett, so that she will grow to be a lovely and decent young woman.

He is a very dedicated father, always making sure that he sees Bridgett every other weekend and at least one night during the week. He attends all of his daughter's track meets and is very proud of her. Her love and need for her father is very strong. She will be the innocent victim of this whole unpleasant and tragic situation.

Please judge him kindly because he really deserves your mercy and understanding I know I am reiterating what my wife. Pauline Ruscio, wrote but whatever we have written is the honest truth.

Thank you for the very valuable time you have taken to read our letters. I leave his judgment in your capable and merciful hands.

Sincerely,

Steven Ruscio.

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,


        v.                                08 Cr 345 (01) (PKC)


GARY SANTONE,

————————————————   **Defendant**.  ————————


## <u>DEFENDANT GARY SANTONE'S SENTENCING MEMORANDUM</u>


Dated: August 28, 2008
      New York, New York

Laura A. Brevetti (LB8935)

Law Offices Laura A. Brevetti
Attorneys for Gary Santone
331 Madison Avenue
New York, NY 10017
(212) 856-9400

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,


                v.                      08 Cr 345 (01) (PKC)


GARY SANTONE,

_____<u>Defendant.</u>_____

### <u>DEFENDANT GARY SANTONE'S SENTENCING MEMORANDUM</u>

This memorandum, together with the accompanying letters of support from family and friends (collectively, Ex. 1), is respectfully submitted on behalf of the defendant Gary Santone, whose sentence is schedule before the Honorable P. Kevin Castel, U.S.D.J., on September 3, 2008. Mr. Santone pled guilty to a prosecutor's information pursuant to a plea agreement with the Government to one count of conspiracy to commit mail fraud (in violation of Title 18, U.S.C., Section 1349) and one count of mail fraud (in violation of Title 18, U.S.C., Section 1341), for having acted in concert with another in 2007 to submit fraudulent invoices for fictitious services to American Insurance Group (AIG) and to receive and share payments with another from AIG totaling $320,594.60. The plea agreement stipulates a sentencing guideline level of 16 or 21 to 27 months. The agreement also stipulates that Mr. Santone will forfeit to the Government the sum of $113,318.60. In return, the U. S. Attorney's Office will request of the Department of Justice that it invoke its Restoration Policy and credit any monies paid by Mr. Santone for forfeiture against the sum ordered by the Court to be paid by him as restitution to the victim.

<u>Mr. Santone's Plea to the Court</u>

**In light of 1) Mr. Santone's prompt offer and agreement after arrest to be debriefed by the Government; 2) his immediate offer to plead guilty to the entirety of his illegal conduct; 3) his remorse; and 4) the amalgam of his personal condition, we respectfully ask the Court to exercise its full sentencing discretion and impose a sentence of no greater than the minimum of the Guideline range, as recommended by Probation, followed by a period of two years of supervisory release.

**Further, in light of Mr. Santone's agreement to pay forfeiture and his meager personal financial condition, as documented by the Pre-Sentence Investigation Report, we respectfully ask the Court to follow Probation's recommendation that he not be required to pay a monetary fine as part of his sentence.

**Lastly, we respectfully ask the Court to allow Mr. Santone to self-surrender, as recommended by Probation. Mr. Santone's wife suffers from a disease that severely limits her movement and capability to travel and he is also very close to his 11-year old daughter, both of whom would want to visit him as frequently as possible. Therefore, we respectfully request that the Court recommend to the Bureau of Prisons that Mr. Santone be assigned to the federal prison camp at Fairton, New Jersey, close to their home in Ventnor, New Jersey.

<u>Introduction</u>

Mr. Santone offers no excuse or "psychological syndrome" to explain or, certainly, to justify his wrongful conduct during those few months in 2007. Instead, on his behalf, we ask the Court to consider in mitigation of his sentence that Mr. Santone reacted as society would want an individual to react and conduct himself when confronted with his wrongdoing:  1) Mr. Santone readily accept his guilt and offer to assist the Government in its larger investigation and did not stand in the way; 2) he

immediately offerred to plead to the entirety of his conduct without the necessity of the Government presenting evidence to a Grand Jury; and 3) he has continued to live a productive and law abiding life awaiting sentence.

Furthermore, we respectfully ask the Court to consider in Mr. Santone's favor that his criminal conduct of limited duration was polar opposite to his past productive, law-abiding life. Mr. Santone is a high school dropout, who from the very first day he left school has worked hard to learn and ply the intricate skills and craft of jewelry design and manufacture. We submit that the Pre-Sentence Investigation Report demonstrates that his life, although marked by some family tragedy and mental depression, has been solidly one of hard work, modest living, and meeting his obligations as a citizen and father. Against this rather pedestrian, but admirable background set forth in the Report, the one valid reaction that comes to mind about Mr. Santone's crime, we submit, is "what a dumb mistake!" On the other hand, what also reveals itself clearly is that he deserves the leniency of the Court to give him a second chance to return to his former life as soon as possible. We respectfully submit that the ends of justice be well served and society well protected if a shorter rather than a longer term of custody is imposed.

<u>Mr. Santone's Immediate Cooperation and Remorse</u>

It would not be unusual, indeed it might be considered predictable, for a defendant under these same circumstances to rationalize his or her criminal conduct, seek to "excuse" it, shift the blame, or minimize it. In contrast, Mr. Santone has never done so. He continues to accept full responsibility for what he did with Mr. Falcetta. He knew that what he did, when he did it, was wrong and he offers no valid justification in mitigation for having done it. He admits his guilt and bears the shame for succumbing to the persistent entreaties of Mr. Falcetta to violate the law and victimize another, albeit a corporation, in order to get "easy money" through fraud.

Indeed, from virtually the moment he was contacted by a Government agent to surrender and before his initial appearance before the United States Magistrate in December 2007, Mr. Santone realized that the only just course to pursue would be for him to try to make amends for his conduct, offer no excuse, and explain the entirety of his illegal conduct and that of another, John Falcetta, to the Government. He instructed his counsel at his initial appearance to approach the Government for a meeting with him, in effect, to confess his involvement and offer his assistance without receiving in advance any promise of a benefit. A meeting with the Government was paramount to Mr. Santone—almost as an end unto itself, for him to atone in some measure for his crime, because of his faith and desire to demonstrate that this crime was and is antithetical to his unblemished prior life and character. Above all else, this meeting with the Government was his first step on a personal road to forgiveness and redemption—a road he realizes remains difficult and long to travel before hope of achieving that end. His quest is even more important to him as an example to his 11-year old daughter Bridget and as a chance to retain her respect as her father.

A meeting took place with the Government shortly after arraignment, at which, we believe the Government would agree, Mr. Santone admitted the entirety and breadth of is illegal conduct, answered all questions candidly, fully and to the best of his ability, and did not seek to conceal or minimize his involvement or gain. Following the meeting, Mr. Santone agreed to plead guilty and to provide additional information or assistance to the Government. It is our understanding that Mr. Santone was the first to step forward and that others have since pleaded guilty and await sentencing, including Mr. Falcetta, the inside AIG employee who orchestrated the fraud and approved the false invoices Mr. Santone submitted with his help in their joint scheme.

Mr. Santone is working to make financial amends. He is seeking to borrow money to make partial forfeiture payments. He is pledging the net proceeds (after repayment of a car loan and bank mortgages) from the sales of his Honda vehicle and two

rental properties.[1]  Alternatively, if the Government wishes, he will sign over his interests in those assets. Furthermore, he agrees to pay to the Government monthly towards the remaining forfeitable balance.  It is Mr. Santone's hope that the Government will invoke its Restoration Policy and that all sums paid as forfeiture will go to AIG, the victim, and credited towards any order of restitution.  We respectfully ask the Court to make that credit part of the judgment of conviction, so that it is memorialized and made clear to future, interested government personnel in positions to make decisions regarding Mr. Santone's liberty.

Since his arrest and arraignment in December 2007, Mr. Santone has continued to work hard and earn a modest living.  He has not gotten as much as a ticket for littering—so to speak-- since his release.  Mr. Santone's crime was one of borne of a unique opportunity presented to him by Mr. Falcetta, who was already well-steeped in defrauding AIG with others, unrelated to Mr. Santone.  Mr. Santone had avoided falling for participating in any similar scheme or crime in his previous life of 48 years, and we submit that society will not be at risk again for him to commit a similar offense.  The Court, we respectfully submit, would be justified in exercising the full breadth of its discretion and show its leniency to Mr. Santone.

<u>Mr. Santone's Background and Life</u>

The Pre-Sentence Investigation Report (the "Report") sets forth Mr. Santone's family background.  His parents were also in the jewelry business.  His father, however, was an alcoholic.  His brother, while in the military, was killed tragically in a motorcycle accident, as a result of which his parents slipped further into depression and his father into the depths of alcoholism.  Sadly, his father blamed his mother for the death of their son and would engage in a macabre re-enactment of an event of the night of their son's death to remind his mother that he thought she was to blame.  Mr. Santone tried to help

---

[1] The net of the vehicle and Mr. Santone's share of the equity in the two rental properties in Philadelphia will amount to an estimated value of $15-20,000.

his parents and comfort his mother, but after years of this abuse, his mother committed suicide.

He left high school and went to work. The Report chronicles the jobs he held up to the current one, working for his second wife Deborah Finn in her small jewelry store in Philadelphia.

He is a devoted father to his 11 year-old daughter Bridget from his first marriage, whom he sees every week. As pointed out by another friend who has submitted a letter of support, Steven Ruscio:

"He is a very dedicated father, always making sure that he sees Bridgett every other weekend and at least one night during the week. He attends all of his daughter's track meets and is very proud of her. Her love and need for her father is very strong. She will be the innocent victim of this whole unpleasant and tragic situation."
(Ex. 1, S. Ruscio Ltr.)

Almost since their marriage several years ago, Mr. Santone has been essential to assisting his wife Deborah in her jewelry business as its designer and fabricator and, more importantly, simply getting through the day. Ms. Finn suffers from Lupus disease and is in constant pain and physically disabled. In the past few months alone, it is more common than unusual for Mr. Santone to carry his wife around their home, transport her to doctors, and act as her physical surrogate. Ms. Finn has come to rely on him to help her to get around the house and store. As she succinctly states in her letter to the Court:

"Your Honor I suffer from Lupus and I own and operate a small jewelry store in Philadelphia. Gary works with me. My husband also takes care of me as I am riddled in pain almost every day. It is difficult for me to do every day manual tasks."
(Ex. 1, D. Finn Ltr.)

Mr. Santone has been under a physician's care for mental depression since before his arrest in this case and had open-heart surgery at a relatively young age (39 years old). His depression is apparent to his friends and family. He continues to take anti-depressant medication under the care of Dr. Boselli, as documented in the Report, and it is

recommended by Probation that he continue to receive medical attention for his heart and depression while in custody.

Mr. Santone has a very modest financial condition. His salary is not much at all, since the business does not generate much revenue and his wife pays most all of the common living expenses. While the Report states at page 19 that the couple have a combined monthly income of almost $8,500 and total assets worth an estimated $605,000 (at page 17), all but about less than $2,000. in monthly income and about $15-20,000. in estimated total asset value is attributable to Mr. Santone, individually. His bank accounts have small amounts, less than an aggregate of $2,500. The balance of the reported assets belong to his wife Deborah Finn, his employer, and are pre-marriage assets. Also, some of the rental property is co-owned by his nephew. The Probation Officer received copies of his federal tax returns that show that Mr. Santone files separately from his wife, who insists on maintaining her assets and income separate from Mr. Santone. The couple has a pre-nuptial agreement from the start of their marriage three years ago (in 2005) that bars his access to her assets. We would like to state that Mr. Santone has tried to get as much supporting financial documentation to the Probation Officer as possible, directly and through counsel, despite the implied impression to the contrary in the Report (at page 17, para. 81). Ms. Finn keeps the information and is concerned for her own financial welfare in light of her incurable illness, and, in fact, steadfastly refuses to pay any money on Mr. Santone's behalf to resolve this case and has refused, despite repeated entreaties by her husband and counsel, to provide more detailed financial information. Thus, we bring to the Court's attention that the figures of combined household monthly income and $600,000-plus value of combined assets while accurate, is misleading with regard to that which Mr. Santone owns and is able to take of his own accord to pay a monetary fine or the forfeiture immediately. Nevertheless, he admits that he spent all the ill-gotten gains, often frivolously. The amounts he used to invest in a car and two rental properties (the latter in partnership with his wife and nephew in separate purchases), he is attempting to get back by placing the assets up for sale and giving the net proceeds to the Government

for partial payment of forfeiture.  He agrees to a monthly pay-down arrangement recommended by Probation as well.  Mr. Santone is obligated to pay over $600. per month in child support and half school tuition or about $1,250.   In light of his meager financial condition and efforts to pay the forfeiture and, in effect, restitution, we ask the Court not to impose a monetary fine, as recommended by Probation.

With regard to Restitution, we respectfully request, in addition to an inclusion in the judgment of conviction that forfeiture payments shall be credited towards Mr. Santone's obligation to pay restitution to AIG, that the Court's order of restitution make it clear that while Mr. Santone's obligation is joint and several with Mr. Falcetta, any amounts collected from Mr. Falcetta shall reduce Mr. Santone's restitution obligation.  In other words, the aggregate restitution amount shall be no more than $320,594.60 from both or either defendant.

CONCLUSION

In light of Mr. Santone's prompt agreement after arrest to cooperate with the Government and plead guilty to the entirety of his illegal conduct, his remorse, and the amalgam of his personal condition, we respectfully ask that the Court impose a sentence recommended by Probation of the minimum of the Guideline range; that the Court take into consideration his meager financial condition and not impose a monetary fine; that Mr. Santone be permitted to self-surrender; and that a recommendation be made to the Bureau of Prisons that he be assigned to the federal prison camp at Fairton, New Jersey.

Dated: August 28, 2008
        New York, New York

Respectfully submitted

Laura A. Brevetti (LB8935)
Law Offices Laura A. Brevetti
Attorneys for Gary Santone
331 Madison Avenue
New York, NY 10017
(212) 856-9400

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,


                        v.                            08 Cr 345 (01) (PKC)

GARY SANTONE,

_____<u>Defendant</u>._____

<u>**DEFENDANT GARY SANTONE'S SENTENCING MEMORANDUM**</u>



<u>**EXHIBIT I -   LETTERS OF SUPPORT IN AID OF SENTENCING**</u>

Received Fax :          Jul 30 2008 12:52PM     Fax Station :   Law Offices Laura A Brevetti          P. 2

07/29/2008 23:29 FAX  2156651880          RITTENHOUSE JEWELERS                    ☑002/011

To the Honorable P. Kevin Castel          Deborah Finn
                                          311 Waldon Drive
                                          Ventnor N.J. 08406

Your Honor .
My Name is Deborah Finn . I am Gary,s wife. Gary will be in front of your Honor Sept.
3rd 2008. I beseech your Honor to show my husband your kindest and most merciful
judgement. Gary is a good pure hearted man. He is a compassionate and loving husband ,
father and step father.  He treats everyone like family.

Gary,s mother committed suicide and he has since suffered from depression. This past
year Gary has been treated by Dr. Joesph Boselli for his depression.
Gary,s depression  is severe  and he is devastated by his actions.
Gary is truly remorseful  and wants nothing more than to make things right.

 Your Honor as his wife I can tell you that Gary is s kind caring man and our life together
and with our family means everything to him and to me.
Gary has one daughter , Bridget, she is my stepdaughter . Gary speaks to her at least 8
times a day and ses Bridget every week. She totally depends on her father. Bridget would
be lost without him. Bridget is 11 years old and needs him.
Gary has been a true friend and excellent step father to my son , Robert  who is 21 years
old.

Your Honor I suffer from Lupus  and I own and operate a small jewelery store in
Philadelphia. Gary works with me.. My husband also takes care of me as I am riddled in
pain almost every day.  It is difficult for me to do every day manual tasks. Gary is my best
friend and we depend on each other.

Your honor  Gary also helps many of our friends , whether it be driving them to the store
or to the doctor, one can always count on Gary.

Your Honor thank you very much for your time reading my letter.

Sincerely ,
Deborah Finn

Received Fax :        Jul 30 2008 12:52PM      Fax Station :    Law Offices Laura A Brevetti            p. 3

07/29/2008 23:29 FAX  2156651880            RITTENHOUSE JEWELERS                        ☑003/011

TO the Honorable P. Kevin Castel                          July 29th 2008

Your honor ,

Gary Santone is my step father. My Name is Robert Finn and I am 21 years old.

Gary treats me like a son, he is a true friend of mine. Gary always helps me ,whether it be advice about school or my goals  in life , Gary is always there for me.

He  would come to pick me up late at night from a friends house  in the snow.
He invites my friends to his house and treats them  all with respect  .
Gary  would drive me to school when my grand father  got sick and could not drive anymore.
He would help with my school projects.  Gary would do anything I needed and I know I can always depend on him. I know Gary since I was born. He was  a friend to our family. He married my mother in April 2005 My mother  loves him very much and he takes care of her ,she has a health condition that makes all of her joints hurt, and makes her very tired. She works very hard even though she is always not feeling well Gary never complains . He loves my mother and his daughter and me very much and we love him.

I know Gary is very sick and upset about what he did and is very , very sorry.
I hope my letter helps Gary ( My Dad)  I love him and I want him to be okay.
Please your Honor be as lenient as you can be with my dad.

Thank You

Robert Finn
2704 S. Hutchinson Street
Philadelphia. PA. 19147

Received Fax :    Jul 30 2008 12:52PM    Fax Station :   Law Offices Laura A Brevetti    P. 5

07/29/2008 23:30 FAX  2156651880        RITTENHOUSE JEWELERS                    ☑005/011

To the Honorable P. Kevin Castel                 Donna West
                                                 2134 Spring Garden Street
                                                 Phila. PA. 19130

Your Honor my name is Donna West , I have known Gary Santone for 3 years.
During this time Gary has been a good friend to me.
I know Gary also in the capacity  as a fine bench jeweler. Gary has redone some pieces of jewelry for me
left to me by my parents.
Gary was honest with me as to the value and his workmanship on these pieces was impeccable.
Through the store Gary became friends with both my husband and myself . He never hesitates to offer help
when we need it..
I know his character to be one of integrity.
I know him to be a kind and loving husband  and father.

In your sentencing Gary please show your mercy.

Thank You

Donna West.

*Donna West.*

Received Fax :      Jul 30 2008 12:52PM    Fax Station :  Law Offices Laura A Brevetti      p. 8
07/29/2008 23:31 FAX  2156651880          RITTENHOUSE JEWELERS                      ☑008/011
07/29/2008  08:58    17022125865              UPS STORE 5659131                      PAGE  01/03

Pauline Ruscio
5316 Corbett Street
Las Vegas, Nevada 89130
(702) 655-0697 Home
(702) 306-2571 cell

To the Honorable P. Kevin Castel:

I have known Gary Santone for several years and in all the time I have known him, he has always proven to me to be an honest, honorable and caring individual. He has a tremendous love for his family-his wife and 11 year old daughter Bridget. I have been at his place of work and his work ethics have been beyond reproached. He will never let a customer leave unless he or she is 100% satisfied.

One case is when a woman came into the jewelry store to have her ring remodeled. I thought he did a beautiful job but she was not satisfied. He took the ring back and did the job over and over again and did not charge her anything extra. She was completely satisfied with her ring.

He is a good and loving husband and father and more than just a friend to me and my husband. I sincerely feel that any separation between him and his daughter Bridget would destroy this man and affect his innocent daughter for the rest of her life. At 11 years of age, she is at a very vulnerable time of her life.

As you are deciding Gary's fate, please try to show him the mercy and consideration he deserves for all the good this man has done in his lifetime.

I know you feel that justice must be served. However, in this case, incarceration can never bring about anything good or positive in this man's life or the life of his family. Try to temper justice with mercy. If you know Gary the way I do, you would understand how good, loving and respectful he really is. He has always been a good family man and

Received Fax :          Jul 30 2008 12:52PM     Fax Station :   Law Offices Laura A Brevetti        p. 9

07/29/2008 23:31 FAX  2156651880          RITTENHOUSE JEWELERS                    Ø009/011
07/29/2008  08:50    17022125865                                                PAGE  02/03
                                              UPS STORE 5659131

a wonderful father. We all know that a good and decent family is the backbone of our country. Gary Santone is a spiritual and good man.

I thank you for taking your valuable time to read this letter. My prayer is God will guide you in making the right decision in considering his sentencing.


Sincerely

*Pauline Ruscio*

Pauline, Ruscio


2

Received Fax :        Jul 30 2008 12:52PM      Fax Station :  Law Offices Laura A Brevetti        P. 10
07/29/2008 23:31 FAX  2156651880          RITTENHOUSE JEWELERS                      ☑010/011
07/29/2008  00:58     17022125865              UPS STORE 5659131                    PAGE  03/03

Steven Ruscio
5316 Corbett Street
Las Vegas, Nevada 89130
(702) 655-0697 Home
(702) 306-2571 cell

To The Honorable P. Kevin Castel:

I am a friend of Gary Santone. He is more of a brother to me than my own biological brothers. He is a kind and decent man who is completely dedicated to his wife and 11 year old daughter Bridgett. He will go out of his way to help anyone who is in need.

My wife has already written a letter to you and there isn't too much more that I can add. I know him to be a man of principal and high moral values. He tries diligently to impart his sense of high moral integrity to his daughter Bridgett, so that she will grow to be a lovely and decent young woman.

He is a very dedicated father, always making sure that he sees Bridgett every other weekend and at least one night during the week. He attends all of his daughter's track meets and is very proud of her. Her love and need for her father is very strong. She will be the innocent victim of this whole unpleasant and tragic situation.

Please judge him kindly because he really deserves your mercy and understanding I know I am reiterating what my wife, Pauline Ruscio, wrote but whatever we have written is the honest truth.

Thank you for the very valuable time you have taken to read our letters. I leave his judgment in your capable and merciful hands.

Sincerely,

Steven Ruscio.